**UNITED STATES of America, Plaintiff,**

v.

**Johnnie WILSON, Defendant.**

**Crim. No. 539.**

United States District Court,
D. Montana,
Billings Division.

Oct. 1, 1971.

Keith L. Burrowes, Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Billings, Mont., for plaintiff and respondent.

Joseph P. Hennessey, Billings, Mont., for defendant and appellant.

## FINDINGS OF FACT, and CONCLUSIONS OF LAW

BATTIN, District Judge.

The above-entitled cause came on regularly for hearing on September 27, 1971, at 9:30 o'clock a.m., before the court sitting without a jury. Keith L. Burrowes, Assistant United States Attorney for the District of Montana, appeared as attorney for plaintiff United States, and Joseph P. Hennessey, appeared as attorney for defendant, who appeared in person. The court, having heard the testimony and having examined the proof offered by the respective parties, and the cause having been submitted for decision and the court being fully advised in the premises, now makes the following

## FINDINGS OF FACT

### I.

The defendant is charged with two violations of Title 15 U.S.C. § 1172, as stated in Counts One and Nine of the indictment. All other counts in the indictment were dismissed.

---

5. *Brown-Pacific-Maxon*, 340 U.S. 507, 71 S.Ct. 472.

## II.

Defendant stipulated that the shipments claimed to have been made in Counts One and Nine of the indictment were in fact made in all respects as charged.

## III.

The machines introduced in evidence as Government's Exhibits 7 and 8 were the machines which were alleged, in Counts One and Nine, to have been transported in interstate commerce by defendant.

## IV.

Defendant furnished to Bill Estes, 3940 LaSombra Southwest, Albuquerque, New Mexico, the "bead ball" machine charged in Count One and plastic beads with numbered fillers, identical to those introduced by plaintiff as Exhibit No. 2 and Exhibit No. 7 respectively.

## V.

Government Exhibit 7, the "bead ball" machine, is operated by inserting a quarter in the machine, turning the handle on the front of the machine until a "bead ball" is dispensed from the machine. The numbered paper filler is then removed from the center of the "bead ball" and the number is compared with the numbers on a placard inside the glass front of the machine to determine if the person receiving the number has won. If the person operating the machine receives a winning number, he is paid the amount indicated on the placard by the establishment where the machine is located.

## VI.

Defendant obtained "bead balls" and fillers from a source and sent them to individuals who had placed orders for these items with him.

## VII.

Defendant also furnished the placards which were displayed inside the glass front of the "bead ball" machines, as shown in Government Exhibit 7, and defined the winning numbers.

## VIII.

The "bead ball" machine can be altered to change the size of the items which it will dispense, but Bill Estes did not have to make such a change to the machine which he received from defendant, in order to have it dispense the "bead balls".

## IX.

Defendant or persons in his employ did make mechanical changes to some machines similar to Government Exhibit 7, but defendant could not tell if the mechanical changes had been made by him or his employees to this exhibit.

## X.

The defendant furnished coupons in bundles of either 1,000 or 1,500 which were intended to be dispensed by "Bonanza" machines, exactly like that portrayed by Government Exhibit 8.

## XI.

The defendant furnished information to one of his employees, who operated the Addressograph machine in printing the above-mentioned coupons. This information enabled the printer to print the coupons so that a bundle of 1,500 tickets would always contain dollar value tickets equal to $238.00, as shown by Government Exhibit 9. Similar information furnished by defendant to this employee insured that a printed bundle of 1,000 tickets always contained dollar value tickets equal to $176.00.

## XII.

Documents similar to Government Exhibit 9 were sent with each bundle of tickets ordered from defendant.

## XIII.

Government Exhibit 8, the "Bonanza" machine, was operated by placing a quarter in the machine, which activated a mechanism to dispense a coupon. If properly placed in the machine, this coupon was visible through a glass viewer in the top of the machine prior to the insertion of the quarter. After the ticket has been dispensed, the next ticket to be dispensed, upon the insertion of another quarter into the machine, is then in view behind the glass viewer on the top of the machine cabinet.

## XIV.

A person obtaining a dollar value coupon from Government Exhibit 8 was paid in cash in the amount listed on the particular coupon by the establishment where the machine was located.

## XV.

The coupons contained in Government Exhibit 1 were printed by employees of the defendant, under the direction of the defendant, contained dollar value coupons at periodic intervals throughout each bundle of 1,500 coupons, which totalled $238.00 for each bundle of 1,500 coupons, and were designed, printed, and intended to be used in a "Bonanza" machine exactly like Government Exhibit 8.

From the foregoing Findings of Fact, the court now makes the following

## CONCLUSIONS OF LAW

1. Defendant transported, on April 2, 1971, in interstate commerce, a device called a Victor Vending Machine from Miles City, Montana, to Bill Estes, of Albuquerque, New Mexico, knowing at that time that the machine was equipped and intended to be used to dispense "bead balls" which were also furnished by defendant and which contained numbered fillers on which cash payments would be made if the number received when played corresponded to any number listed on the placard furnished by defendant and located inside the glass front of the machine.

2. That the Victor Vending Machine, as intended to be used, constituted a gambling device when shipped, in violation of Title 15 U.S.C. § 1172.

3. Defendant transported, on January 9, 1970, in interstate commerce, from Miles City, Montana, to Joe Bratcher, in Phoenix, Arizona, a "Bonanza" machine, Serial No. 367115M, knowing at the time that this machine was intended to be used with coupons which were supplied by defendant and which contained a specific amount of dollar value coupons per bundle, upon which cash payments were made when a player received such a coupon from playing the "Bonanza" machine.

4. The "Bonanza" machine, as designed and intended to be used, constituted a gambling device when shipped, in violation of Title 15 U.S.C. § 1172.

It is therefore ordered and adjudged that defendant, Johnnie Wilson, is and hereby is found guilty as charged in Counts One and Nine of the indictment.

It is further ordered that defendant, Johnnie Wilson, appear before the court at 9:00 o'clock a.m., Thursday, October 14, 1971, at the United States Courthouse—Federal Building, Billings, Montana, in order that sentence may be pronounced.